**Opinion issued April 11, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00609-CV

_____

**CITY OF LA PORTE, TEXAS, CORBY ALEXANDER, RICHARD GLASS, AND MARK HUBER, Appellants**

**V.**

**SV SONS HWY 146, LLC, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-52300**

---

## MEMORANDUM OPINION

Appellants, the City of La Porte, Texas, Corby Alexander, Richard Glass, and Mark Huber, filed a notice of appeal from the trial court's: (1) May 22, 2022 final judgment, (2) June 27, 2022 nunc pro tunc judgment, (3) denial of appellants' post-judgment motions, (4) "issued findings of fact and conclusions of law and the

supplemental findings of fact and conclusions of law," and (5) "all other adverse rulings entered against them related to those judgments, findings, conclusions, and orders, including the underlying summary judgment orders and permanent injunction." Appellee, SV Sons Hwy 146, LLC, filed a motion to dismiss the appeal for want of prosecution, arguing that appellants have failed to timely file a brief.

We grant appellee's motion and dismiss the appeal for want of prosecution.

The clerk's record was filed on September 21, 2022, and the appellate record was completed on October 15, 2022 when the reporter's record was filed. Appellants' brief was therefore originally due on or before November 16, 2022. *See* TEX. R. APP. P. 38.6(a), (d). However, no brief was filed.

On November 21, 2022, appellants filed their first motion to extend the deadline to file their appellants' brief, which was granted by the Court. With this extension, appellants' brief was due on or before December 16, 2022. However, no brief was filed. On January 2, 2023, appellants were notified by the Clerk of this Court that this appeal was subject to dismissal unless a brief, or motion to extend time to file a brief, was filed within ten days of the notice. *See* TEX. R. APP. P. 38.8(a) (governing failure of appellant to file brief), 42.3(b) (allowing involuntary dismissal of appeal for want of prosecution), 42.3(c) (allowing involuntary dismissal of case for failure to comply with order of this Court). On January 17, 2023, appellants filed their second motion to extend the deadline to file their appellants'

brief, which was granted by the Court. With this extension, appellants' brief was due on or before January 20, 2023. Again, no brief was filed.

On February 14, 2023, appellants were notified by the Clerk of this Court that this appeal was subject to dismissal for want of prosecution unless a brief was filed within ten days of the date of the notice. Despite the February 14, 2023 notice that this appeal was subject to dismissal, appellants did not adequately respond. Further, more than ten days have passed since appellee's motion to dismiss was filed, and appellants have not responded. *See* TEX. R. APP. P. 10.3(a).

Accordingly, we grant appellee's motion and dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b), (c), 43.2(f). All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justice Hightower, Rivas-Molloy, and Farris.